SIGMAN *v.* TREADWELL *et al.*, survivors.

1. Where a fi. fa. against two joint defendants was levied upon personalty as the property of both defendants, and one of them filed an affidavit of illegality in which there was no objection to the levy on the ground that the property in fact belonged to affiant only, there was no error in overruling a motion made by him on the trial of the illegality to dismiss the levy on this ground.

2. No injury having been done the plaintiff in error, which was not remedied by the order of the trial judge, and the verdict being warranted by the evidence, the court did not err in refusing to grant a new trial.

Argued December 16, — Decided December 22, 1897.

Affidavit of illegality. Before Judge Candler. Rockdale superior court. October term, 1896.

*A. C. McCalla* and *J. N. Glenn*, for plaintiff in error.
*G. W. & J. S. Gleaton* and *J. R. Irwin*, contra.

LEWIS, J. Treadwell brought suits against Sigman and his wife upon certain promissory notes given by them jointly, in

which they waived all right to homestead and exemption. To these suits the defendants filed pleas of the general issue, usury, and that the claim sued upon was the husband's debt for which the wife was not liable. At the trial term of the case, as the result of a compromise agreed upon between the parties, a consent verdict was had for an amount less than that claimed in the suit, falling due at times subsequent to the date of this verdict, in three different instalments. Upon the judgment entered on this verdict a fi. fa. was issued, and after the first instalment became due, it was levied upon certain personalty as the property of the defendants. Sigman, as the head of a family, had this property exempted under the homestead and exemption laws of the State, upon an application made by him to the ordinary after the rendition of the judgment, and he filed his affidavit of illegality to the levy, claiming that the fi. fa. was proceeding against him illegally on account of said exemption. The jury returned a verdict against the illegality, finding the property subject. Whereupon Sigman moved for a new trial, on the ground that the verdict was contrary to the law and the evidence; and on the further ground that the court erred in refusing to dismiss the levy and awarding a nonsuit as to his wife, Mrs. E. S. Sigman, the levy failing to state what interest she had in the property, and the evidence failing to show possession or title in her. The motion also contained the ground that the verdict finding the corn levied on subject was especially contrary to the evidence. The motion was overruled by the court, on condition that so much of the verdict and judgment as found the corn subject be written off; which was accordingly done by counsel for plaintiff in fi. fa. To this judgment overruling the motion plaintiff in error excepts.

1. The court certainly did not err in overruling Sigman's motion to dismiss the levy on the ground taken at the trial of the illegality. The affidavit was filed by him alone, and made no objection to the levy on this particular ground. Even if this contention could in any event be treated as meritorious, he was not entitled to the benefit thereof, because no such point was made in his illegality. Any wrong which may have been done the defendants as to the corn found subject by the jury

was fully corrected by the order of the trial judge in his judgment overruling the motion.

2. It was contended by counsel for the plaintiff in error that the original debt upon which this fi. fa. was founded was tainted with usury, that this rendered inoperative the waiver of homestead and exemption, and that therefore the exempted property was not subject. Under previous rulings of this court, no such waiver can be effectual where the consideration in the contract has any taint of usury. *Cleghorn* v. *Greeson*, 77 *Ga.* 343; *Tribble* v. *Anderson*, 63 *Ga.* 31. It was insisted that the verdict rendered in the original suit between these parties was conclusive on the question of usury, because the plea of usury was filed in that case, and the finding was for less than the amount claimed in the action. There would have been some force in this position had this been the only plea filed by defendants, and had the record shown that there was necessarily a reduction of the debt on account of this plea. It appears, however, that there were other defenses insisted on by the defendants, and that this finding of the jury was merely a consent verdict, the result of a compromise agreement between the parties. Upon which one of the defenses filed, if any, the compromise was based does not appear; and the verdict itself not specifically finding any usury in the debt, this question is necessarily left open so far as the record in the first trial is concerned. This question was fully investigated upon the trial of this case on the issue made by the defendant's affidavit of illegality; and the testimony in the record fully sustaining the view that the debt was never tainted with usury, the court committed no error in refusing to grant a new trial.

*Judgment affirmed.    All the Justices concurring.*